**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SAJE LEWIS**                                                                                          **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO.:** 3:22-cv-105-KHJ-MTP

**FIKES WHOLESALE, INC. D/B/A
CEFCO CONVENIENCE STORES**                                          **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Saje Lewis, by and through counsel, Watson & Norris,

PLLC, and files this action against her employer, Fikes Wholesale, Inc. d/b/a CEFCO

Convenience Stores.  As more specifically set forth below, Plaintiff has been subjected to

sex discrimination, pregnancy discrimination and retaliation in the terms and conditions

of her employment with Defendant.  The actions of the Defendant are in violation of the

Title VII of the Civil Rights Act of 1964, as amended.  In support of this cause, the Plaintiff

would show unto the Court the following facts to-wit:

**PARTIES**

1.      The Plaintiff, Saje Lewis, is an adult female who resides in Newton County,

Mississippi.

2.      The Defendant, Fikes Wholesale, Inc. d/b/a CEFCO Convenience Stores,

is a Texas corporation that may be served with process through its Registered Agent,

Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi

39110.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction and venue is proper in this

Court.

4.      Plaintiff initially timely filed a Charge of Discrimination for sex and pregnancy discrimination with the EEOC on November 3, 2021, true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A."  On November 30, 2021, the EEOC issued a Dismissal and Notice of Rights, and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "B."  Plaintiff timely files this action within 90 days of her receipt of the Notice of Right to Sue on her initial Charge of Discrimination.

5.      On February 14, 2022, Plaintiff filed a subsequent Charge of Discrimination for sex and pregnancy discrimination as well as retaliation, a true and correct copy of which is attached as Exhibit "C."  On February 25, 2022, the EEOC issued a Dismissal and Notice of Rights, and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "D."  Plaintiff timely files this action within 90 days of her receipt of the Notice of Right to Sue on her subsequent Charge of Discrimination and Retaliation.

## **STATEMENT OF THE FACTS**

6.      Plaintiff is a 26-year-old female resident of Newton County, Mississippi.

7.      Plaintiff was hired on July 15, 2021, as a Customer Service representative at Fikes Wholesale, Inc. d/b/a Cefco Convenience Stores.

8.      In July 2021, Plaintiff discovered that she was pregnant.

9.      Immediately, therefore, Plaintiff informed Store Manager Sonja Smith that she (Ms. Lewis) was pregnant.

10.      Beginning on or around September 20, 2021, Plaintiff realized that her work status was changed from full-time to part time.

11.      Also, Plaintiff's health insurance coverage was cut as of that date.

12.     On or around September 21, 2021, Plaintiff contacted District Manager (FNU) Furnell to complain about how she was being discriminated against due to her status as pregnant.

13.     When Mr. Furnell would not accept Plaintiff's call, Plaintiff informed Mr. Furnell that she was planning to contact the EEOC.

14.     After that, Plaintiff's work status was returned to full time status and her health insurance benefits were reinstated.

15.     On November 3, 2021, Plaintiff filed an EEOC Charge of Discrimination due to Sex/Pregnancy.

16.     On November 14, 2021, Plaintiff began her maternity leave.

17.     There were complications with her pregnancy, and she spent some time in the hospital.

18.     On November 30, 2021, the EEOC ended the investigation of Plaintiff's Charge of Discrimination due to Sex/Pregnancy and issued her a Right to Sue.

19.     At the end of Plaintiff's maternity leave, on February 2, 2022, Plaintiff returned for her first day back to work.

20.     On that day, however, Plaintiff was immediately told she was terminated, allegedly for "hollering" at a representative in a phone call to Defendant's corporate office.

21.     Plaintiff had faxed a document to the Defendant's corporate office related to a car accident in which her son was involved.

22.     Apparently, there was some alleged discrepancy regarding whether the office had received Plaintiff's fax.

23.    The matter of Plaintiff's alleged interaction with Defendant's corporate office was pretext and the real reason Defendant terminated Plaintiff was because she had engaged in protected activity by making previous complaints and filing a charge of sex and pregnancy discrimination with the EEOC on November 3, 2021.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF TITLE VII – SEX AND PREGNANCY DISCRIMINATION

24.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs1 through 23 above as if fully incorporated herein.

25.    Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sex, female, and pregnancy.  Plaintiff is a member of a protected class, female, and she was pregnant.

26.    Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

27.    The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT II:  VIOLATION OF TITLE VII - RETALIATION

28.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 27 above as if fully incorporated herein.

29.    Defendant retaliated against Plaintiff by terminating her employment because she exercised her rights under Title VII by making previous complaints and filing a previous EEOC Charge of sex and pregnancy discrimination.

30.    The effect of the events described above deprived Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights.

31.    The unlawful actions of the Defendant complained of above were intentional.

32.    The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

33.    Plaintiff is entitled to protection from retaliation for making complaints or charges of sex and pregnancy discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*

34.    The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT III: VIOLATION OF ERISA

35.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 34 above as if fully incorporated herein.

36.    Defendant unlawfully discriminated against Plaintiff and ultimately discharged Plaintiff who was a participant in Defendant's health and welfare plans, thus intentionally interfering with Plaintiff's ERISA protected rights. By terminating Plaintiff for taking leave, Defendant was intentionally discriminating against Plaintiff and interfering with Plaintiff's ERISA protected rights.

37.    Such actions constitute of violation of Section 510 of ERISA and entitle Plaintiff to reinstatement, including retroactive reinstatement of all health and welfare benefits, back pay, a set off and/or surcharge, and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1.    Back pay;
2.    Compensatory damages;
3.    Punitive damages;
4.    Attorney's fees;
5.    Lost benefits;
6.    Pre-judgment and post-judgment interest;
7.    Costs and expenses; and
8.    Any other relief to which she may be properly entitled.

THIS, the 25th day of February 2021.

Respectfully submitted,

SAJE LEWIS, PLAINTIFF

By: Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB#101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com