UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


SAJE A. LEWIS                                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:22-CV-105-KHJ-MTP

FIKES WHOLESALE, INC. d/b/a
CEFCO CONVENIENCE STORES                                              DEFENDANT

ORDER

Before the Court is Plaintiff Saje A. Lewis's Motion for Reconsideration [15]. For the following reasons, the Court denies the motion.

I.      Facts and Procedural History

Defendant Fikes Wholesale, Inc. d/b/a CEFCO Convenience Stores ("CEFCO") hired Plaintiff Lewis as a customer service representative. Compl. [1] at 2. At CEFCO, an employee must complete an onboarding process that requires the employee to review and acknowledge various documents, including a Mutual Arbitration Agreement ("the Agreement"), via online portal. Mot. to Compel Arb. [8] at 1–2. After reviewing the Agreement, Lewis allegedly accepted and acknowledged it, as reflected by a check mark documented on the online portal. *Id.*; Check mark [8-3]. The Agreement states, "Except as it otherwise provides, all disputes covered by this Agreement will be decided by an arbitrator through binding arbitration and not by way of court of jury trial." Agreement [8-1] at 1. The Agreement also details the types of disputes and claims covered by arbitration, including "claims arising

out of or related to" employment at CEFCO and "claims arising under Title VII of the Civil Rights Act of 1964." *See id.* at 2.

Lewis sued CEFCO, alleging sex discrimination, pregnancy discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964. [1] at 1. CEFCO moved the Court to compel arbitration and stay proceedings. [8]. The Court granted the motion to compel arbitration, finding that Lewis failed to put the Agreement in issue based on evidence CEFCO produced and because Lewis did not provide corroborating evidence to support her self-serving affidavit. *See* [14] at 5. The Court therefore held that the dispute fell within the scope of the Agreement and stayed proceedings while the parties proceeded to arbitration. *Id.* at 6. Lewis now moves this Court to reconsider its Order. [15].

II.     Analysis

Motions for reconsideration are either addressed under Rule 59(e) or Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). The timing of the motion determines which rule applies. *Id.* If a motion for reconsideration is filed and served within 28 days of the date the Court filed its order to be reconsidered, it is reviewed under Rule 59(e). *Id.* If it is not filed within 28 days, the motion is reviewed as a motion for relief under Rule 60(b). *Id.* (citations omitted).

Despite CEFCO's argument that the Court should analyze the motion under Rule 60(b), Lewis filed her motion within 28 days of the Court's order to be

reconsidered.[1] Resp. [17] at 3. The Court therefore examines the motion as one to alter or amend a judgment under Rule 59(e).

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Reconsideration of a judgment after its entry is an extraordinary remedy and should be used sparingly. *Templet*, 367 F.3d at 479.

"There are three grounds for altering or amending a judgment under Rule 59(e): (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *O'Fallon v. Encore Receivable Mgmt., Inc.*, 831 F. Supp. 2d 957, 968 (S.D. Miss. 2011) (quoting *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008)). Before a litigant files a Rule 59(e) motion based on the third ground, she "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Id.* (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

---

[1] The Court entered its Order [14] granting the Motion to Compel on May 25, 2022. Lewis filed her Motion to Reconsider [15] on July 22, 2022—28 days later.

Lewis argues that the Court should vacate its Order because of "a manifest error of fact." [15] ¶ 3. She identifies two issues that she contends the Court made a manifest error of fact. *Id.* ¶ 8. The first involves a text message between her and the store manager, Sonja Smith, about the onboarding process. *Id.* ¶ 9. Lewis contends that the Court analyzed the text message out of context, explaining that CEFCO uses both an internal and external system for new employees. *Id.* ¶ 11. Lewis asserts that the text message saying she had "completed everything" meant that she logged onto CEFCO's external system to input her contact information only and never viewed the Agreement. *Id.* ¶¶ 15, 16. The second issue Lewis identifies is when she had worked for CEFCO at a different location, a store manager completed the onboarding process for her, and she did not view the Agreement that time either. [15] ¶¶ 17–20. As support for both issues, Lewis relies on an affidavit and an attached screenshot, depicting Lewis's submission of her contact details on the external system. Aff. of Saje Lewis [15-1].

Lewis, however, presents this evidence for the first time in this motion. Again, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. This information should have been known to Lewis "before entry of judgment" given that she had worked for CEFCO and the screenshot reflects that submission of the contact information was completed

4

several months before entry of CEFCO's motion to compel and the Court's Order.[2] The motion merely reargues matters the Court has already addressed and raises arguments and evidence that could have been offered or raised before the entry of the order to compel arbitration. *See O'Fallon*, 831 F. Supp. 2d at 968; *Templet*, 367 F.3d at 480. As a result, the motion is denied.

III.   Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, Plaintiff Lewis's Motion for Reconsideration [15] is DENIED.

SO ORDERED AND ADJUDGED this the 14th day of July, 2022.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT

---

[2] The screenshot shows that Lewis submitted her contact information on July 15, 2021. [15-1] at 4. CEFCO filed its Motion to Compel [8] on April 18, 2022, and the Court entered its Order [14] on May 25, 2022.